## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Esther Hunte and Jonathan Hunte

_____

Write the full name of each plaintiff.

-against-

Rushmore Loan Management Services, LLC

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☑ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

- ☑  **Federal Question**

- ☐  **Diversity of Citizenship**

## A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

Dual Tracking Under Regulation X and Section 6(F)  of the Real Estate

Settlement Procedures Act (RESPA) (12 U.S.C 2605 (F) .12 C.R.F

1024.41 (a)

## B.  If you checked Diversity of Citizenship

### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
       (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

Esther Hunte   and    Jonathan Hunte
_____
First Name            Middle Initial      Last Name

42 Brooker Drive
_____
Street Address

Newburgh
_____
County, City                          State              Zip Code

Jonathanhhunte@gmail.com
_____
Telephone Number                      Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

Rushmore Loan  Management Services LLC

First Name                          Last Name

Customer Care Department

Current Job Title (or other identifying information)

P.O. Box 55004

Current Work Address (or other address where defendant may be served)

Irvine                          CA                          92619-5004

County, City                    State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:   Newburgh, NewYork

Date(s) of occurrence:   October 28, 2021

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

On October 28, 2005, Plaintiff, Esther Hunte, executed a promissory note in the amount of $337,840.00. That same day, Plaintiff executed and delivered a mortgage on the Property in order to secure the promissory note. The mortgage was subsequently assigned to Mortgage Electronic Registration Systems, Inc. as the nominee for Lehman Brothers Bank, FSB. The mortgage was thereafter purportedly assigned to Aurora Loan Services LLC on November 2, 2010.
Apparently, the mortgage was thereafter purportedly assigned to the Nationstar Mortgage LLC on June 21,2012 though said assignment was not recorded until November 16, 2012. Plaintiff affirmatively alleged improprieties with respect to both purported mortgage assignments as well as to whether the subject note was ever delivered or properly assigned to the Plaintiff In Nationstar Mortgage LLC v Esther Hunte, Fed. No:(16 cv 8707). The record is devoid of any such showing.
On or around January 2011, Hunte entered into a modification conference with Aurora Loan Services which was conducted by the Supreme Court of The State of New York County of Orange. Throughout the modification conference, Hunte made trial payments. The Servicer of the Loan was subsequently changed from Aurora Loan Services to Nationstar Mortgage LLC. On or around March 2015 After all modification documents were reviewed and accepted by the State Supreme Court and by Nationstar Mortgage LLC, the State Supreme Court ordered Nationstar Mortgage LLC to modify the Loan. Nationstar Mortgage LLC continued to accept the trial payments but failed to modify the Loan Agreement as so ordered by the court. After Hunte made trial payments for over twele months, Hunte was compelled to stop making trial payments that she believed

were not being calculated into her loan balance and in hopes that Nationstar would actually issue a Loan Modification.

Nationstar ' s engagement in Dual Tracking

Instead of Nationstar choosing to issue the Loan Modification as ordered by State Court, Nationstar Mortgage LLC elected to defy the Court order and File a Complaint in Federal Court on or around November 9, 2016. Hunte filed an answer to the complaint on December 30, 2016 (Doc 10), with in part an affirmative defense that Nationstar was ordered to provide a loan modification but had been negligent in its duty to properly modify the loan.  The intention here was to insure in no uncertain terms that there is no doubt in anyone ' s mind that Hunte is not waiving her right to have the Dual Tracking Issued litigated once it was established in this case.

On March 21,2017 Nationstar Mortgage LLC requested a conference/ Letter (Doc 14) requesting a pre-motion conference in anticipation to move for Summary Judgement. The Honorable Judge Kenneth M. Karas granted Nationstar permission to proceed with its rule 56 motion. Nationstar filed its motion (Doc 16) on April 27, 2017. Hunte filed a (Continued on Attachment A.)

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

The injuries were caused by the Defendant's violation of the Dodd-Frank Act, the Truth in Lending Act, the Federal Protection Act, Negligence, and Intentional infliction of Emotional Distress.  I suffered depression and emotional harm from this ordeal.

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

The Law only provides for monetary damages for anyone who has been a victim of the Federal Dual Tracking Statutes. Being that it is difficult to place a value on this level of injury, I will seek half of what has been awarded to victims of this class. In this case I believe twenty five million dollars would be equitable.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| March 15, 2022 | | *Esther Hunte* |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Esther | L | Hunte |
| First Name | Middle Initial | Last Name |
| 42 Brooker Drive | | |
| Street Address | | |
| Newburgh | NY | 12550 |
| County, City | State | Zip Code |
| (914) 309-9417 | | |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☑ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| March 15, 2022 | | |
| --- | --- | --- |
| Dated | | Plaintiff's Signature |
| Jonathan | | Hunte |
| First Name | Middle Initial | Last Name |
| 42 Brooker Drive | | |
| Street Address | | |
| Newburgh | NY | 12550 |
| County, City | State | Zip Code |
| (914) 309-9417 | | |
| Telephone Number | | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☑ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

# Attachment

# "A"

response Motion and Declaration in Opposition to Nationstar's Motion on May

25,2017 (Doc 22).  On March 5, 2018, the Honorable Judge Kenneth M. Karas

issued an Opinion and Order in favor of Nationstar granting the Motion for

Summary Judgment. Hunte filed a Motion for Re-argument on March 20, 2018

which was denied by the Court on March 28, 2018. Hunte filed a Notice of Appeal

of the Opinion and Order, Judgment and Order on April 27, 2018. On May 30,

2019, the United States Court of Appeals for the Second Circuit vacated the

Judgement on a procedural ground in Nationstar Mortgage, LLC v. Hunte, 775

Fed. Appx. 20 (2d Cir. 2019) (Doc 31).

On October 24, 2019, Nationstar entered into the record a Pre-conference

Statement for leave to file Summary Judgement. Judge Karas ordered Nationstar

to file its motion by 11/30/2019, the response by 12/30/2019 and the reply by

January 15, 2020. Notwithstanding the Judge's order to respond timely,

Nationstar without an explanation, filed its Motion for Summary Judgement on

December 5, 2019 (Doc 35). Hunte submitted a response on January 9, 2020,

opposing Summary Judgment primarily pointing out that the Modification was

never executed, to which Nationstar responded on January 17, 2020. The Court

issues an Order and Opinion on June 1, 2020 in which the Court partially grants

and partially denies Plaintiff's Motion for Summary Judgment and directs The

Clerk of Court to terminate the pending Motion. (Doc 47) The Court went on to

further point out that Nationstar's submission fails to explain the Court's other

concern regarding whether Plaintiff had actually sent a copy of the Modification

Agreement that was executed by the lender. As highlighted in the Opinion &

Order, the Court had concerns about the provision in the Modification Agreement

that specified that it would not go into effect until the borrower received a copy

of it signed by the lender. (See Op. & Order 4, 15.) Plaintiff was ordered to point

to the part of the record or provide supplemental information that explains the

significance of this term and/or shows Plaintiff's compliance with it. Again, in the

event the Court cannot verify the validity of the Modification Agreement, Plaintiff

should provide further information on what impact that would have on the

damages calculation and submit a proposed order reflecting that, if necessary.

Plaintiff should do so by July 1, 2020.

**Modification Voided**

Jumping forward to June 30, 2021, the Court Ordered that Plaintiff shall show

cause, by no later than July 16, 2021, as to why this case should not be dismissed

for failure to prosecute. Nationstar subsequently requested a hearing where they

intended to prove the Modification was valid. Minute Entry for proceedings held

before Judge Kenneth M. Karas for the Hearing held on 9/23/2021, concluded

that Nationstar had no valid proof whatsoever that the Modification was

executed. Adam Speregen appeared on behalf of Plaintiff. Dara Rosenbaum

appeared on behalf of Plaintiff. Pamela Grimaldi served as court reporter. The

relief sought by Plaintiff was denied for the reasons stated on the record and the

Modification was deemed void. The Court then scheduled a status conference to

be held on October 28, 2021.