UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ESTHER HUNTE,

                      *Plaintiff*,

v.                                        Case No. 22-CV-2169 (KMK)

RUSHMORE LOAN MANAGEMENT              ORDER
SERVICES, LLC.

                      *Defendant*.

KENNETH M. KARAS, District Judge:

Esther Hunte ("Plaintiff"), proceeding pro se, brings this Action against Rushmore Loan Management Services, LLC ("Defendant") alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et sq. (*See* Am. Compl. (Dkt. No. 4).)

On April 9, 2024, the Court ordered a 90-day discovery period in which the Parties were to exchange and respond to discovery demands. (Dkt. No. 55.) On May 23, 2024, Defendants served discovery demands. (Dkt. No. 56.) On July 23, 2024, Plaintiff responded in the form of a letter to the Court in which she claimed that Defendants may find requested documents in public records and requested that the Court "advance this case to the trial phase." (Dkt. No. 57 at 1.) On July 30, 2024, the Court directed Plaintiff to explain in detail which documents she claimed were publicly available or to provide those documents by August 18, 2024, or otherwise face possible sanctions, including dismissal of this Action. (Dkt. No. 63.) Plaintiff did not comply, and on August 19, 2024, she requested an extension, claiming that she needed extra time to get medical records and documentation "that will demonstrate the damages and emotional distress caused by this ordeal," (Dkt. No. 64 at 1). The Court denied without prejudice this request.

(Dkt. No. 65.) On August 30, 2024, Plaintiff requested that the Court reconsider its denial, (Dkt. No. 66), which Defendant opposed, (Dkt. No. 67).

On September 10, 2024, the Court directed Plaintiff to comply with Defendant's discovery demands by September 24, 2024, or face sanctions that "could range from adverse inferences on certain claims [to] dismissal of this lawsuit." (Dkt. No. 68 at 2.) Plaintiff again failed to comply, but by letter dated September 24, 2024, produced four documents. (Dkt. No. 69.)

On November 8, 2024, Defendant noted that Plaintiff had not produced any documentation in relation to her damages claim and requested the Court impose sanctions. (Dkt. No. 70.) The Court directed Plaintiff to respond to this letter by November 22, 2024. (Dkt. No. 72.) Again, Plaintiff failed to comply. Instead, by letter dated December 4, 2024, Plaintiff again requested that the case proceed to trial and provided a note from a Florida-based doctor, Dr. John T. Grigg, dated December 3, 2024, that states that Plaintiff is "suffering from both physical and mental distress due to her dealing with her bank in New York." (Dkt. No. 73 at 3.) Plaintiff claimed that the note is "[d]ocumented proof of emotional distress as damages resulting from the situation." (*Id.* at 2.) The Court directed Defendant to respond, (Dkt. No. 74), which it did on December 16, 2024, (Dkt. No. 75). Defendant correctly noted that, to date, "not a single medical record has been produced as to any specific examination or result." (*Id.* at 2.) Defendant requested that the Court sanction Plaintiff and permit Defendant an opportunity to depose Dr. Grigg. (*Id.*)

"The discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *McCray v. Lee*, No. 16-CV-1730, 2023 WL 6215302, at *2 (S.D.N.Y. Sept. 25, 2023) (quoting *Daval Steel*

*Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Although "[i]t is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention," *Daval Steel*, 951 F.2d at 1365, this design is not always realized. Where a party "prevent[s] disclosure of facts essential to an adjudication on the merits" by disobeying a court's discovery orders, "severe sanctions are appropriate." *Id.* The decision to impose discovery sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion." *Wisser v. Vox Media, Inc.*, No. 19-CV-1445, 2020 WL 1547381, at *8 (S.D.N.Y. Apr. 1, 2020) (ultimately quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990)); *see also Daval Steel*, 951 F.2d at 1365 (noting a district court's "wide discretion" to impose sanctions, "including severe sanctions, under Rule 37(b)(2)").

Federal Rule of Civil Procedure 37 provides "generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. Dismissal, which Defendant requests here, is a "drastic remedy that should be imposed only in extreme circumstances." *Harvin v. Cheney*, No. 23-CV-328, 2024 WL 2044696, at *4 (D. Conn. May 7, 2024) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). Instead, the Court addresses whether preclusion of evidence is an appropriate sanction; in such an inquiry, a court should consider: "(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the excluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new evidence; and (4) the possibility of a continuance." *Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 296 (S.D.N.Y. 2024) (quoting *Ferdman v. CBS Interactive Inc.*, 342 F. Supp. 3d 515, 527 (S.D.N.Y. 2018)).

As to the first factor, Plaintiff has failed repeatedly to provide an adequate explanation, or any at all, as to why she not complied with the Court's multiple orders directing her to respond to Defendant's discovery demands. This weighs in favor of precluding. *See id.* As to the second factor, as the Court noted previously, discovery that relates to damages does not require additional medical issues and the majority of the discovery Defendant seeks has nothing whatsoever to do with any medical issues. (*See* Dkt. No. 68.) Accordingly, this factor weighs in favor of preclusion. *Cf. ABKCO Music & Recs., Inc. v. Coda Publ'g, Ltd.*, No. 19-CV-11892, 2022 WL 4536820, at *6 (S.D.N.Y. Sept. 28, 2022) (finding that preclusion that results in party being "unable to continue to pursue their claims" weighs against preclusion); *see also Icon Int'l*, 347 F.R.D. at 296–97. The third factor also weighs in favor of preclusion, as Plaintiff's failure to produce the requested discovery prejudices Defendant and "is precisely the kind of 'sandbagging' that Rule 37 seeks to prevent." *Mail Am. Commc'ns, Inc. v. World Healing Ctr. Church, Inc.*, No. 18-CV-8481, 2021 WL 1298925, at *3 (S.D.N.Y. Apr. 7, 2021). Finally, while a continuance is always a possibility, Plaintiff "should not be permitted to upset [the] discovery schedule" that the Court ordered, to which the Parties agreed, and to which only Defendant adhered. *Downey v. Adloox Inc.*, No. 16-CV-1689, 2018 WL 794592, at *2 (S.D.N.Y. Feb. 8, 2018). Accordingly, Plaintiff is precluded from relying on evidence that she has not produced to date. Relatedly, as Plaintiff may rely upon Dr. Grigg's note because it was produced prior to this Order, and in order to mitigate prejudice to Defendant, the Court permits Defendant to depose Dr. Grigg, who is to be made available by no later than January 29, 2025.

SO ORDERED
DATED:   December 17, 2024
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE