UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ESTHER HUNTE,

                        *Plaintiff*,

v.

RUSHMORE LOAN MANAGEMENT
SERVICES, LLC.

                        *Defendant*.

Case No. 22-CV-2169 (KMK)

ORDER

---

KENNETH M. KARAS, District Judge:

Esther Hunte ("Plaintiff"), proceeding pro se, brings this Action against Rushmore Loan Management Services, LLC ("Defendant") alleging violations of the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et sq. (*See* Am. Compl.).

On April 9, 2024, the Court ordered a ninety-day discovery period in which the Parties were to exchange and respond to discovery demands. (Dkt. No. 55). On May 23, 2024, Defendants served discovery demands. (Dkt. No. 56). On July 23, 2024, Plaintiff responded in the form of a letter to the Court in which she claimed that Defendants may find requested documents in public records and requested that the Court "advance this case to the trial phase." (Dkt. No. 57 at 1). On July 30, 2024, the Court directed Plaintiff to explain in detail which documents she claimed were publicly available or to provide those documents by August 18, 2024, or otherwise face possible sanctions, including dismissal of this Action. (Dkt. No. 63). Plaintiff did not comply, and on August 19, 2024, she requested an extension, claiming that she needed extra time to get medical records and documentation "that will demonstrate the damages and emotional distress caused by this ordeal," (Dkt. No. 64 at 1). The Court denied this request

without prejudice.  (Dkt. No. 65).  On August 30, 2024, Plaintiff requested that the Court reconsider its denial, (Dkt. No. 66), which Defendant opposed, (Dkt. No. 67).

On September 10, 2024, the Court directed Plaintiff to comply with Defendant's discovery demands by September 24, 2024, or face sanctions that "could range from adverse inferences on certain claims [to] dismissal of this lawsuit."  (Dkt. No. 68 at 2).  Plaintiff again failed to comply, but by letter dated September 24, 2024, produced four documents.  (Dkt. No. 69).

On November 8, 2024, Defendant noted that Plaintiff had not produced any documentation in relation to her damages claim and requested the Court impose sanctions.  (Dkt. No. 70).  The Court directed Plaintiff to respond to this letter by November 22, 2024.  (Dkt. No. 72).  Again, Plaintiff failed to comply.  Instead, by letter dated December 4, 2024, Plaintiff again requested that the case proceed to trial and provided a note from a Florida-based doctor, Dr. John T. Grigg, dated December 3, 2024, that states that Plaintiff is "suffering from both physical and mental distress due to her dealings with her bank in New York."  (Dkt. No. 73 at 3).  Plaintiff claimed that the note is "[d]ocumented proof of emotional distress as damages resulting from the situation."  (*Id.* at 2).  The Court directed Defendant to respond, (Dkt. No. 74), which it did on December 16, 2024, (Dkt. No. 75).  Defendant correctly noted that, to date, "not a single medical record has been produced as to any specific examination or result."  (*Id.* at 2).  Defendant requested that the Court sanction Plaintiff and permit Defendant an opportunity to depose Dr. Grigg.  (*Id.*).  On December 17, 2024, the Court issued an order precluding Plaintiff from relying on evidence not produced to date and permitting Defendant to depose Dr. Grigg, who was to be made available by January 29, 2025.  (Dkt. No. 77 at 4).  On December 30, 2024, Defendant sent

a letter to Plaintiff requesting the date and time when she would produce Dr. Grigg for deposition. (Dkt. No. 78).

On May 6, 2025, Defendant informed the Court that Plaintiff had not made Dr. Grigg available for deposition or otherwise responded to its letter. (Dkt. No. 79). The Court ordered Plaintiff to respond to Defendant's Letter by May 13, 2025, and warned Plaintiff that her case "risk[ed] being dismissed as a sanction for [her] repeated failure to comply with the directives of the Court[.]" (Dkt. No. 81). On July 21, 2025, Plaintiff filed a letter with the Court explaining that she had undergone eye surgery in March 2025, which had impacted her ability to comply with the Court's May 13 deadline. (Dkt. No. 85 at 1). Additionally, Plaintiff asserted that she is "somewhat reluctant to share the full extent of her medical history [and corresponding medical records], despite [their] relevance to this matter" due to concerns about "disclosure of sensitive medical information in the public record." (*Id*. at 2). The Court subsequently ordered Defendant to respond to Plaintiff's letter by August 31, 2025, and, in response to Plaintiff's privacy concerns, noted that Plaintiff could request any medical information of hers be filed under seal. (Dkt. No. 86 at 3).

On August 29, 2025, Defendant replied to Plaintiff's letter by highlighting the continued deficiencies in Plaintiff's discovery responses and asked the Court to exclude Dr. Grigg's note from evidence because Plaintiff failed to provide a reasonable excuse for not producing Dr. Grigg for a deposition in compliance with the Court's previous order. (Dkt. No. 88 at 1–2). Additionally, Defendant requested the Court dismiss this Action for Plaintiff's repeated failures to comply with discovery obligations or, in the alternative, that Defendant be permitted to proceed with a motion for summary judgement and that Plaintiff be precluded from relying on anything to support her claims beyond what has already been produced. (*Id*. at 2).

3

"The discovery provisions of the Federal Rules of Civil Procedure are designed to achieve disclosure of all the evidence relevant to the merits of a controversy." *McCray v. Lee*, No. 16-CV-1730, 2023 WL 6215302, at *2 (S.D.N.Y. Sept. 25, 2023) (quoting *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1365 (2d Cir. 1991)). Although "[i]t is intended that this disclosure of evidence proceed at the initiative of the parties, free from the time-consuming and costly process of court intervention," *Daval Steel*, 951 F.2d at 1365, this design is not always realized. Where a party "prevent[s] disclosure of facts essential to an adjudication on the merits" by disobeying a court's discovery orders, "severe sanctions are appropriate." *Id.* The decision to impose discovery sanctions "is committed to the sound discretion of the district court and may not be reversed absent an abuse of that discretion." *Wisser v. Vox Media, Inc.*, No. 19-CV-1445, 2020 WL 1547381, at *8 (S.D.N.Y. Apr. 1, 2020) (ultimately quoting *Luft v. Crown Publishers, Inc.*, 906 F.2d 862, 865 (2d Cir. 1990)); *see also Daval Steel*, 951 F.2d at 1365 (noting a district court's "wide discretion" to impose sanctions, "including severe sanctions, under Rule 37(b)(2)").

Federal Rule of Civil Procedure 37 provides "generally for sanctions against parties or persons unjustifiably resisting discovery." Fed. R. Civ. P. 37 advisory committee's note to 1970 amendment. Dismissal, which Defendant requests here, is a "drastic remedy that should be imposed only in extreme circumstances." *Harvin v. Cheney*, No. 23-CV-328, 2024 WL 2044696, at *4 (D. Conn. May 7, 2024) (quoting *John B. Hull, Inc. v. Waterbury Petroleum Prod., Inc.*, 845 F.2d 1172, 1176 (2d Cir. 1988)). However, "[t]he sanction of dismissal should not be imposed under Rule 37 unless the failure to comply with a pretrial production order is due to 'willfulness, bad faith, or any fault' of the [non-movant]." *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986) (collecting cases). Although pro se plaintiffs "often 'frustrate the

4

process of litigation,' . . . dismissal is justified only when they do so deliberately . . . ." *Id*. (citation omitted).  While Plaintiff has failed to comply with the Court's discovery directives on several occasions, (*see* Dkt. Nos. 65, 68, 72, 73, 75, 79),  it is not clear that Plaintiff's behavior rises to the level of deliberate bad faith.  Thus, dismissal would be inappropriate at this stage.

      Instead, Defendant may file a Motion for Summary Judgement as requested in its most recent letter.  (*See* Dkt. No. 88 at 2).  In lieu of a pre-motion conference, the Court will set forth a briefing schedule below.  Additionally, in accordance with the Court's prior Order, Plaintiff is precluded from supporting her claims with any evidence beyond what was produced to prior to December 17, 2024.  (*See* Dkt. No. 77).  However, Plaintiff is also now precluded from relying on Dr. Grigg's December 4, 2024, letter to support her claims.  In order to mitigate prejudice to Defendant, the Court's prior Order directed Plaintiff to make Dr. Grigg available for deposition by no later than January 29, 2025.  (*Id*. at 4).  Plaintiff failed to comply with this directive or show good cause as to why she failed to do so, making exclusion of the letter the only equitable option.  *See Daval Steel*, 951 F.2d at 1365–66 (upholding a lower court's preclusion of evidence when a party "was subject to an unequivocal order of the court requiring it to produce a witness for deposition . . . [and] inexcusabl[y] refus[ed] to comply voluntarily with proper party-initiated discovery."); *Rattigan v. Commodore Int'l Ltd.*, No. 87-CV-2729, 1989 WL 151678, at *3 (S.D.N.Y. Dec. 8, 1989) ("Preclusion of evidence . . . is a proper remedy when the party offering the evidence has failed to obey an order regarding that evidence . . . .").

Accordingly, it is hereby ORDERED that Defendant will submit a Motion for Summary Judgement by October 25, 2025.  Plaintiff is directed to respond by November 25, 2025. Defendant's reply is due December 11, 2025.

SO ORDERED  
DATED:	September 25, 2025  
	White Plains, New York

_____  
KENNETH M. KARAS  
UNITED STATES DISTRICT JUDGE